Michael H. Artan (State Bar No. 97393)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Tele: 213/688-0370 Fax: 213/627-9201
Email: michaelartan@yahoo.com

Ambrosio E. Rodriguez
The Rodriguez Law Group
626 Wilshire Boulevard, Ninth Floor
Los Angeles, CA 90017
Telephone: 213-995-6767
Email: aer@aerlawgroup.com
*Counsel for Plaintiff*
*Dorrell Slaughter*

# UNITED STATES DISTRICT COURT,
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORRELL SLAUGHTER,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY S. FERNANDEZ, an individual and Deputy of the Los Angeles Sheriff's Department; DEPUTY J. SANDOVAL, an individual and Deputy of the Los Angeles Sheriff's Department; DEPUTY C. ADAMS, an individual and Deputy of the Los Angeles Sheriff's Department; COUNTY OF LOS ANGELES, a public entity; and DOES 1 to 20,<br><br>    Defendants.<br>_____/ | Case No.: _____<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br>**[42 U.S.C. §§ 1983, 1988]**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS - 1

Plaintiff Dorrell Slaughter alleges his civil rights were violated as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*Jurisdiction and Venue:*

1. This action for money damages arises under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1983, 1985(3), 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and other applicable federal and state law.

2. This Court has jurisdiction over the Federal Claims in this action based on 28 U.S.C. §§ 1331 and 1343.

3. The unlawful conduct and illegal practices alleged in this complaint were all committed in the Central District of California. Venue therefore lies in this district, pursuant to 28 U.S.C. § 1391(b).

*Parties:*

4. At all times set forth in this complaint and now, plaintiff Dorrell Slaughter ("Mr. Slaughter" or "Plaintiff") has been an inhabitant of the United States, and a resident within the jurisdiction of the Central District of California.

5. Defendant County of Los Angeles ("the County") is a municipality in the Central District of California and a governmental entity. The Los Angeles Sheriff's Department ("LASD") is a law enforcement agency of the County.

6. Defendant Deputy S. Fernandez—Serial Number 464253 ("Deputy Fernandez"); on information and belief, Deputy Fernandez was a Sheriff's Deputy and Detective of the LASD at all times relevant to this complaint.

7. Defendant Deputy J. Sandoval—Serial Number 530864 ("Deputy Sandoval"); on information and belief, Deputy Sandoval was a Sheriff's Deputy and Detective of the LASD at all times relevant to this complaint.

8. Defendant Deputy C. Adams—Serial Number 609281 ("Deputy Sandoval"); on information and belief, Deputy Adams was a Sheriff's Deputy of the LASD at all times relevant to this complaint.

9. Because Plaintiff is ignorant of the true names and capacities of Does 1 to 20, he is suing these Defendants by these fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the true names and capacities are learned. Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants acted in concert with all of the named defendants. The Doe Defendants are being sued in their individual and official capacities.

10. The County also employs all individuals employed by the LASD, including Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants 1 to 20. At all times relevant to this Complaint, Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants were duly appointed, duly hired and acting as Sheriff's Deputies of the County, acting under color of law and under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and the County. Plaintiff was deprived of interests protected by the United States Constitution and laws of the United States, and each and every defendant caused, by commission or omission, these deprivations while acting under color of law.

11. Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants, and each of them, acted as alleged in this complaint, as individuals, and they also acted under color, authority, and pretense of the laws, statutes, regulations, customs and usage of the State of California, the County, and under the authority of their official capacities.

12. Plaintiff is informed and believes, and on that basis alleges, that each and every act alleged in this complaint was done by Deputy Fernandez, Deputy Sandoval, Deputy Adams and the Doe Defendants in the execution and implementation of the official policy, practice and custom of the County and the LASD. Plaintiff is informed and believes, and on that basis alleges, that at all times set forth in this complaint each of the individual defendants were the agent or

the employee of the remaining defendants, and in doing the acts alleged below, were acting within the scope of his or her agency or employment.

13. The acts and omissions complained of in this action (except the County) were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights violated, despicably, and with evil motive and intent, in disregard of the rights of the Plaintiff.

14. In violation of 42 U.S.C. § 1983, each individual Defendant conspired with the other in order to deprive Plaintiff of his rights as set forth in this action.

*Facts Common to All Claims for Relief:*

15. On November 30, 2018, in the late evening, Mr. Slaughter was falsely arrested, without probable cause—and without arguable probable cause, because of the actions of Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants 1 through 10, for an armed robbery which occurred on November 17, 2018. Plaintiff was arrested despite untrustworthy information and despite tattoo evidence which was exonerating and obvious, and readily available to the Defendants. Despite this exonerating evidence, Mr. Slaughter was held in custody for days by the Defendants.

16. Mr. Slaughter hired attorneys—at substantial expense, to represent him.

17. Mr. Slaughter was held in custody by the Defendants until his innocence was established by the exonerating information which was known, obvious, and readily available to the Defendants.

18. During the periods Mr. Slaughter was kept in custody, he was increasingly upset, anxious and distressed; he had done nothing illegal. Mr. Slaughter had been illegally arrested, and restrained in a manner that amounted to excessive force. Mr. Slaughter's conditions of confinement were harsh. Mr. Slaughter's emotional and psychological distress and injuries continue to this day.

19. On May 19, 2019 Plaintiff filed a Claim to the County which included the same facts, circumstances and matters as in this Complaint; this Claim was

denied by the County on July 15, 2019 and notice was sent by the County on July 16, 2019.

# FIRST CLAIM FOR RELIEF

**(Against all defendants for false arrest pursuant to 42 U.S.C. Section 1983)**

20. Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 19 above.

21. In acting as described in paragraphs 1 through 19 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the County of Los Angeles, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution and other laws of the United States as follows:

   a. The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by seizing and arresting Plaintiff, and causing Plaintiff to be held in custody.

   b. The Defendants conspired with each other in the deprivation of Constitutional rights which are the subject of 42 U.S.C. § 1983. Specifically, this conspiracy included an illegal agreement to falsely arrest Plaintiff and an illegal agreement to make false statements and create false written reports in an apparent attempt to avoid prosecution, discipline, termination or civil liability.

   c. The Defendants maliciously sought the prosecution of Plaintiff by presenting false report materials and/or verbal reporting; notwithstanding the Defendants' false statements and misrepresentations, the charges against Plaintiff were dismissed in a

    manner which was a favorable termination, on the merits, of the prosecution against Plaintiff.

  d. The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 19 above.

22. Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

23. As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

  a. Loss of liberty.
  b. Severe emotional distress.
  c. Public degradation and obloquy.
  d. Injury to his reputation.
  e. Severe psychological distress and injury.
  f. Legal fees and costs concerning clearing his good name.
  g. Physical injuries.

24. Except for claims of punitive and exemplary damages, the facts alleged in this action makes the County liable for the conduct of the individual Defendants as described in this Claim for Relief.

25. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

26. The above described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## SECOND CLAIM FOR RELIEF

**(Against all defendants for excessive force pursuant to 42 U.S.C. Section 1983)**

27. Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 26 above.

28. In acting as described in paragraphs 1 through 26 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the County of Los Angeles, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution and other laws of the United States as follows:

    a. The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by using excessive and illegal force against Plaintiff.

    b. The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 26 above.

29. Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

30. As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

    a. Loss of liberty.
    b. Severe emotional distress.
    c. Public degradation and obloquy.

      d. Injury to his reputation.

      e. Severe psychological distress and injury.

      f. Physical injuries.

31. Except for claims of punitive and exemplary damages, the facts alleged in this action makes the County liable for the conduct of the individual Defendants as described in this Claim for Relief.

32. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

33. The above described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Against the Defendant County pursuant to 42 U.S.C. Section 1983—*Monell* Liability)

34. Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 33 above.

35. Plaintiff is informed and believes, and on that basis alleges, that at all times prior to November 30, 2018, the County and LASD permitted, encouraged, tolerated, and ratified a pattern and practice by its employees, including Deputy Fernandez, Deputy Sandoval, Deputy Adams, and Doe Defendants, of making false arrests, engaging in unreasonable searches and seizures, utilizing unreasonable force against citizens, and improperly intimidating and threatening citizens.

36. The County and LASD knew or should have known, or were deliberately indifferent to, and failed to appropriately monitor, supervise and discipline law enforcement employees for illegal conduct.

37. Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and

customs of the County and LASD; as such, the County and LASD caused their employees, including Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants, to disregard the rules and laws governing the standards for treatment of citizens suspected of crimes. The County and LASD led their employees to believe that their treatment of citizens would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to illegally treat citizens suspected of crimes.

38. Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the County and LASD; as such, the County and LASD caused their employees to disregard the rules and laws governing standards for making proper arrests. Instead, the County and LASD led their employees to believe that false arrests would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to act unreasonably to falsely arrest citizens.

39. As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the County and LASD, Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants 1 to 20, and each of them, intimidated, attacked, threatened, arrested, jailed and searched Plaintiff illegally.

40. As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the County and LASD, Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants 1 to 20, and each of them caused the Plaintiff to be subject to unreasonable searches and seizures.

41. As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the

County and LASD, Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants 1 to 20, and each of them caused the Plaintiff to be falsely arrested and caused the incarceration of Plaintiff.

42. As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the County and LASD, Deputy Fernandez, Deputy Sandoval, Deputy Adams and Doe Defendants 1 to 20, and each of them caused the Plaintiff to be subject to unreasonable use of force during the November 30, 2018 arrest.

43. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

44. As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

    a. Loss of liberty.
    b. Severe emotional distress.
    c. Public degradation and obloquy.
    d. Injury to his reputation.
    e. Severe psychological distress and injury.
    f. Legal fees and costs concerning clearing his good name.
    g. Physical injuries.

## FOURTH CLAIM FOR RELIEF

**(Against all defendants pursuant to California Civil Code section 52.1)**

45. Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 44 above.

46. In acting as described in paragraphs 1 through 44 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the County of Los Angeles, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and

immunities secured and guaranteed to him by the United States Constitution, the California Constitution, other laws of the United States, and other laws of California—including California Civil Code section 52.1; in doing so, the Defendants, and each of them, interfered, and attempted to interfere, by threats, intimidation and coercion, with the exercise and enjoyment of Plaintiff's constitutional rights as follows:

    a. The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by using excessive and illegal force against Plaintiff.

    b. The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 44 above.

47. Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

48. As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

    a. Loss of liberty.
    b. Severe emotional distress.
    c. Public degradation and obloquy.
    d. Injury to his reputation.
    e. Severe psychological distress and injury.
    f. Physical injuries.

49. Except for claims of punitive and exemplary damages, the facts alleged in this action makes the County liable for the conduct of the individual Defendants as described in this Claim for Relief.

50. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

51. The above described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

WHEREFORE, Plaintiff prays for judgment in the amount of $10 Million and relief as to all claims for relief as follows:

1. General and special damages according to proof;
2. Exemplary and punitive damages as to the defendants who are individuals, [not the public entity defendants] according to proof;
3. Costs and reasonable attorney fees pursuant to 42 U.S.C. section 1988, and any other applicable statute or authority;
4. Costs of suit; and
5. Any further relief the Court deems just and proper.

Respectfully submitted,

Dated: January 14, 2020        /s/ Michael H. Artan

_____

Michael H. Artan
*Counsel for Plaintiff,
Dorrell Slaughter*

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as to all issues and claims that may be tried to a jury.

                                              Respectfully Submitted,

Dated: January 14, 2020         /s/ Michael H. Artan

                                              _____

                                              Michael H. Artan
                                              *Counsel for Plaintiff,*
                                              *Dorrell Slaughter*