**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Chandler A. Parker, Esq. (State Bar No. 277902)**
**COLLINS + COLLINS LLP**
**790 E. Colorado Boulevard, Suite 600**
**Pasadena, CA 91101**
**Email:  *Tguterres@ccmslaw.com***
**Email:  *Cparker@ccmslaw.com***
**(626) 243-1100 – FAX (626) 243-1111**

Attorneys for Defendants,
**COUNTY OF LOS ANGELES, DEPUTY J. SANDOVAL,**
**DEPUTY C. ADAMS and DEPUTY J. FERNANDEZ**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORRELL SLAUGHTER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUTY S. FERNANDEZ, an individual and Deputy of the Los Angeles Sheriff's Department; DEPUTY J. SANDOVAL, , an individual and Deputy of the Los Angeles Sheriff's Department; DEPUTY C. ADAMS, an individual and Deputy of the Los Angeles Sheriff's Department; DEPUTY J. FERNANDEZ, an individual and Deputy of the Los Angeles Sheriff's Department; COUNTY OF LOS ANGELES, a public entity; and DOES 1 to 20, <br><br> Defendants. | CASE NO.: 2:20-CV-00393-PSG-JPR <br> *[Assigned to Judge Philip S. Gutierrez, Courtroom 6A]* <br><br> **STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS** <br><br> *[Memorandum of Points and Authorities and Compendium of Evidence in Support of Summary Judgment Filed Concurrently Herewith]* <br><br> **Complaint Filed:      01/14/2020** <br> **Pretrial Conference: 08/23/2021** <br> **Trial Date:           09/07/2021** <br><br> **Hearing Date:    August 6, 2021** <br> **Time:            1:30 p.m.** <br> **Courtroom:       6A** |

22325

1

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
DEFENDANTS

**PLEASE TAKE NOTICE** that Defendants **COUNTY OF LOS ANGELES** ("County"), **DEPUTY J. SANDOVAL** ("Det. Sandoval"), **DEPUTY C. ADAMS** ("Dep. Adams") and **DEPUTY S. FERNANDEZ** ("Det. Fernandez")(collectively "Defendants") hereby submit the following separate statement of uncontroverted facts and conclusions of law in support of their motion summary judgment or partial summary judgment.

<u>STATEMENT OF UNCONTROVERTED FACTS</u>

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| **I.  The County Is Entitled To Summary Judgment On Plaintiff's First Claim For False Arrest Because It Not Vicariously Liable For The Conduct of Employees** | |
| 1. Plaintiff's operative third amended complaint alleges one (1) claim for false arrest under 42 U.S.C. § 1983. | Dkt. 26 – Third Amended Complaint |
| 2. Plaintiff's operative third amended complaint does not allege any facts to state a claim against the County under *Monell*. | Dkt. 26 – Third Amended Complaint |
| 3. Plaintiff's operative third amended complaint does not allege any claims under *Monell*. | Dkt. 26 – Third Amended Complaint |
| **II.  Deputy Defendants Are Entitled To Summary Judgment On Plaintiff's First Claim For False Arrest Because Their Conduct Was Not The Cause-In-Fact Of Plaintiff's Injury** | |
| / / / | |
| / / / | |
| 4. On March 17, 2017, Plaintiff was | **Exhibit 10** – Misdemeanor Complaint |

22325

2

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| found guilty of driving on a suspended license in violation of *California Vehicle Code* Section 14601.1(a) in the Los Angeles Superior Court ("LASC") case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196. Plaintiff was sentenced to 36 months of summary probation and ordered to attend forty-seven (47) hours of community service | and Case Minutes, Bates 47-50 |
| 5. On November 13, 2018, the Hon. Hector E. Gutierrez issued a bench warrant for Plaintiff's arrest because Plaintiff failed to appear and prove he completed community service. | **Exhibit 10** – Misdemeanor Complaint and Case Minutes, Bates 51 |
| 6. In the early morning of November 17, 2018, two (2) male suspects robbed a taco stand in the City of Compton. The armed robbery was captured by video surveillance. | Decl. by Det. Sandoval ¶ 2, 8, 9<br>Decl. by Det. Fernandez ¶ 2<br>**Exhibit 1**- Incident Reports |
| 7. Det. Sandoval disseminated an "Attempt to ID Bulletin" to personnel at the station and other law enforcement agencies that included the suspects' photographs from the surveillance footage along with their physical | Decl. by Det. Sandoval ¶ 11, 12<br>**Exhibit 3** – Attempt to ID Bulletin |

22325

3

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
DEFENDANTS

| | |
|---|---|
| description. | |
| 8. On November 30, 2018, while handling another call for service, Dep. Adams briefly detained Plaintiff because he appeared to match the description of Suspect # 1 in the Attempt to ID bulletin. | Decl. by Det. Sandoval ¶ 13<br>**Exhibit 1**- Incident Reports, Bates 6-7 |
| 9. After running Plaintiff's name through the mobile digital computer, Dep. Adams discovered Plaintiff had an outstanding bench warrant in the LASC case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196. As a result, Dep. Adams arrested Plaintiff for the bench warrant. | Decl. by Det. Sandoval ¶ 13-14<br>Decl. by Det. Fernandez ¶ 5<br>**Exhibit 1**- Incident Reports, Bates 6-7<br>**Exhibit 7**- Plaintiff's Deposition, Bates 22:17-25-23:1-6;18-25; 25:9-13 |
| 10. Because Plaintiff was arrested on a Friday, he was not required to appear in court on the warrant until December 4, 2018. | Decl. by Det. Sandoval ¶ 14<br>Decl. by Det. Fernandez ¶ 6 |
| 11.  After Plaintiff was arrested for the warrant, a victim in the robbery of the taco stand positively identified Plaintiff as the suspect that pointed a gun in his face and took his money in a photographic lineup.  Based on the totality of the circumstances, any | Decl. by Det. Sandoval ¶ 17-23, 28<br>Decl. by Det. Fernandez ¶ 19, 21<br>**Exhibit 4** – Photo Admonition Form<br>**Exhibit 5** – Audio Recording of Identification<br>**Exhibit 6** – 6-Pack Photographic array |

22325

4

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| reasonable officer would have been unable to exclude Mr. Slaughter as a suspect when Mr. Ramirez positively identified him as the person who threatened his life with a gun and he bore a striking resemblance to the individual in the surveillance footage seen holding the gun. | |
| 12. Detectives were unable to exclude Plaintiff as a suspect when Mr. Ramirez positively identified him as the person who threatened his life with a gun and he bore a striking physical resemblance to the individual in the surveillance footage seen holding the gun. | Decl. by Det. Sandoval ¶ 17-23, 28<br>Decl. by Det. Fernandez ¶ 19, 21<br>**Exhibit 3** – Attempt to ID Bulletin<br>**Exhibit 12** – Photograph of Plaintiff |
| 13. After Det. Sandoval formed the opinion that there was a fair probability Plaintiff was guilty of the robbery, he caused Plaintiff to also be booked on robbery charges after his arrest on the bench warrant. | Decl. by Det. Sandoval ¶ 29. |
| 14. Detectives discovered Plaintiff had a large tattoo on his right forearm with flames. However, the Detectives were unable to exclude Plaintiff as a suspect based on the tattoo.  Plaintiff's tattoo | Decl. by Det. Sandoval ¶ 25-27.<br>Decl. by Det. Fernandez ¶ 18-20 |

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
DEFENDANTS

| | |
|---|---|
| may not have been visible on the surveillance footage because the tattoo did not cover the small portion of the suspect's skin that was exposed. Additionally, the tattoo may not have been visible because of the lighting conditions or the quality of the surveillance footage. Additionally, the tattoo could have been concealed with make-up to intentionally prevent effective identification. | |
| 15. It is common for criminals to conceal unique tattoos when committing robberies to make it more difficult for witnesses to make a positive identification. | Decl. by Det. Sandoval ¶ 27. Decl. by Det. Fernandez ¶ 19 |
| 16.  If the surveillance video footage clearly showed that the robbery suspect had a unique tattoo that Plaintiff did *not* have, Detectives would have considered this to be exonerating evidence but not the other way around. | Decl. by Det. Fernandez ¶ 19 |
| 17.  The fact that Victor Corona and Jorge Lopez were unable to positively identify Plaintiff did not change the Detectives' opinions concerning his | Decl. by Det. Sandoval ¶ 32. Decl. by Det. Fernandez ¶ 17 |

22325

6

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| probable guilt for the robbery. | |
| 18. Mr. Lopez was seated in his car at the time of the robbery and was not able to get a good look at the suspects from this vantage point. | Decl. by Det. Sandoval ¶ 32.<br>**Exhibit 1** – Supplemental Report, Bates 8. |
| 19. Mr. Corona had been involved in the robbery but was confronted by both suspects at or near the same time. Many witnesses to violent crimes are unable to remember or are unsure what the perpetrators look like because of the heightened emotions involved in the experience.  Surprising. It is also common for victims to focus on the presence of a weapon instead of the identity of an attacker. | Decl. by Det. Fernandez ¶ 17<br>Decl. by Det. Sandoval ¶ 32.<br>**Exhibit 1** – Supplemental Report, Bates 8. |
| 20. Det. Sandoval submitted all the evidence he gathered during the investigation to the District Attorney for filing consideration, including the initial robbery report, his supplemental report, the Attempt to ID Bulletin, the surveillance footage of the robbery, and all information relating to the witness lineups. Det. Sandoval's supplemental report disclosed the results of each 6- | Decl. by Det. Sandoval ¶ 33-36.<br>**Exhibit 1** – Incident Reports<br>**Exhibit 2** – Attempt to ID Bulletin<br>**Exhibit 3** – Video Surveillance of Robbery<br>**Exhibit 4** – Photo Lineup Admonition Form<br>**Exhibit 5** – Audio Recording of Photo lineup<br>**Exhibit 6** – Six pack photographic array |

22325

7

| | |
|---|---|
| pack photographic lineup, not just Mr. Ramirez' positive identification, along with the audio recordings of each lineup. | **Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo. |
| 21. Additionally, Det. Sandoval included a booking photograph showing the tattoo on Plaintiff's right arm in the package submitted to the District Attorney. | Decl. by Det. Sandoval ¶ 34 **Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo. |
| 22. There is no evidence to suggest Detectives fabricated the evidence provided to the District Attorney or concealed relevant evidence. The District Attorney was provided with all relevant evidence concerning the investigation to make an independent decision about whether to charge Plaintiff for the robbery. | Decl. by Det. Sandoval ¶ 36 **Exhibit 1** – Incident Reports **Exhibit 2** – Attempt to ID Bulletin **Exhibit 3** – Video Surveillance of Robbery **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo lineup **Exhibit 6** – Six pack photographic array **Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo |
| 23. Plaintiff's operative third amended complaint does not allege a fabricated evidence claim. | Dkt. 26 – Third Amended Complaint |
| 24. Plaintiff's operative second amended complaint does not identify specific evidence that was allegedly fabricated. | Dkt. 26 – Third Amended Complaint |

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| 25. Plaintiff's operative second amended complaint does not identify specific evidence that was withheld from the District Attorney | Dkt. 26 – Third Amended Complaint |
| 26. Plaintiff's operative second amended complaint alleges the tattoo evidence was contained in information that Detective submitted to the District Attorney for filing consideration. | Dkt. 26 – Third Amended Complaint, ¶ 17-18 |
| 27. Plaintiff refused to answer questions during the Miranda interview or provide any information that would enable Detectives to rule him out as the robbery suspect. | Decl. by Det. Sandoval ¶ 30<br>**Exhibit 7**- Plaintiff's Deposition, Bates 26:17-20 |
| 27. On December 4, 2018, the District Attorney filed a felony complaint against Plaintiff alleging two (2) counts of robbery in violation of *California Penal Code* Section 211. Plaintiff was arraigned on the felony complaint on the same day and entered a plea of not guilty. | **Exhibit 9** – Felony Complaint and Case Minutes, Bates 34, 39. |
| 28. Plaintiff also appeared on the bench warrant issued in the criminal case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196. The Court | **Exhibit 10** – Misdemeanor Complaint and Case Minutes, Bates 51<br><br>**Exhibit 7**- Plaintiff's Deposition, Bates |

22325

9

| | |
|---|---|
| recalled the bench warrant following Plaintiff's appearance in the case. | 28:1-25 |
| 29.  Plaintiff would have been held on the warrant until December 4, 2018 regardless of the robbery charges. | Decl. by Det. Sandoval ¶ 14<br>Decl. by Det. Fernandez ¶ 6 |
| 30. There is no evidence to suggest the District Attorney did not exercise independent judgment concerning the probable cause for Plaintiff's arrest when filing the felony criminal complaint. | Decl. by Det. Sandoval ¶ 33-36.<br>**Exhibit 1** – Incident Reports<br>**Exhibit 2** – Attempt to ID Bulletin<br>**Exhibit 3** – Video Surveillance of Robbery<br>**Exhibit 4** – Photo Lineup Admonition Form<br>**Exhibit 5** – Audio Recording of Photo lineup<br>**Exhibit 6** – Six pack photographic array<br>**Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo |

**III.   Deputy Defendants Are Entitled To Summary Judgment On Plaintiff's First Claim For False Because No Reasonable Juror Could Find The Absence Of Probable Cause**

**IV.  Deputy Defendants Are Entitled To Qualified Immunity On Plaintiff's First Claim For False Arrest**

**V. Defendants Are Entitled To Summary Judgment On Plaintiff's Second Claim Under California Civil Code Section 52.1 Because Plaintiff's Arrest On The Bench Warrant Was Lawful And There Is No Evidence Of Actionable**

22325

10

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
DEFENDANTS

| Coercion | |
|---|---|
| 31. Dep. Adams briefly detained Plaintiff because he appeared to match the description of Suspect # 1 in the Attempt to ID bulletin. | Decl. by Det. Sandoval ¶ 13<br>**Exhibit 1**- Incident Reports, Bates 6-7 |
| 32. Det. Fernandez developed 6-pack photographic arrays that included a photograph of Plaintiff, along with five (5) other similarly looking individuals using facial recognition software. | Decl. by Det. Fernandez ¶ 8-11 |
| 33. Detectives took the process of developing the six-pack photographic array very seriously because numerous factors can influence the results of a lineup. | Decl. by Det. Fernandez ¶ 8-11 |
| 34. It is the policy of the Los Angeles Sheriff's Department ("LASD") to conduct photographic, physical, and "show-up" type line-ups in a manner that reduces the risk of wrongful conviction and aids in the detection and apprehension of offenders. Det. Fernandez was trained to adhere to the established procedures in order to maximize the reliability of witness identifications, minimize unjust | Decl. by Det. Fernandez ¶ 10. |

22325

11

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
DEFENDANTS

| | |
|---|---|
| accusations of innocent persons, and to establish evidence that is reliable and conforms to established legal procedure | |
| 35.   Det. Fernandez created three (3) different six-pack photographic arrays containing a photograph of Mr. Slaughter and five other individuals with similar appearance.   The order that the individuals appeared in each of the six-pack photographic array were different to prevent one witness from coaching another. | Decl. by Det. Fernandez ¶ 8, 11. |
| 36. The witnesses of the robbery had already provided a physical description of both suspects before the line-up. | **Exhibit 1** – Incident Reports, Bates 4 Decl. by Det. Sandoval ¶ 13 |
| 37. Detectives to great care to ensure the 6-pack photo lineup was not unduly suggestive or conducted in an unduly suggestive manner. | Decl. by Det. Sandoval ¶ 16 Decl. by Det. Fernandez ¶ 12 |
| 38. Det. Fernandez conducted the 6-pack photo lineup with Mr. Corona. Det. Sandoval conducted the 6-pack photo lineup with Mr. Ramirez and Jorge Lopez ("Mr. Lopez"). Each line-up was done separately outside the presence of the other witnesses.   Each witness was | Decl. by Det. Sandoval ¶ 17, 31 Decl. by Det. Fernandez ¶ 13 **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo lineup **Exhibit 6** – Six pack photographic array |

22325

12

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| provided with a photo identification and admonition form, which they were required to read, acknowledge their understanding and sign. | |
| 39. After Mr. Ramirez acknowledged that he understood the admonitions and signed the form, Det. Sandoval showed Mr. Ramirez the six-pack photographic array. Mr. Ramirez immediately identified the individual shown in Photograph #4 as the individual that pointed a gun at him and took his money during the robbery.  Photograph # 4 was a photograph of Plaintiff. | Decl. by Det. Sandoval ¶ 17-23 **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo lineup **Exhibit 6** – Six pack photographic array |
| 40. Mr. Ramirez then circled Photograph # 4, and he placed his initials with the date of the identification below the photograph.  Mr. Ramirez also wrote the number 4 in the Spanish language version of the identification and admonition form next to the blank line beside the word suspect. | Decl. by Det. Sandoval ¶ 17-23 **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo lineup **Exhibit 6** – Six pack photographic array |
| 41. Audio recording were made of the entire identification process for each witness. | Decl. by Det. Sandoval ¶ 17-23 **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo |

22325

13

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| | lineup<br>**Exhibit 6** – Six pack photographic array |
| 42. Det. Fernandez conducted the other 6-pack line up with Mr. Corona and I conduced the line-up with Mr. Lopez. Mr. Corona was unable to identify a suspect but indicated someone other than Mr. Slaughter resembled the robbery suspect. Mr. Lopez identified an individual that was not involved. | Decl. by Det. Sandoval ¶ 31<br>Decl. by Det. Fernandez ¶ 13<br>**Exhibit 1** – Incident Reports, Bates 9 |
| 43. The fact that Victor Corona and Jorge Lopez were unable to positively identify Plaintiff did not change the Detectives' opinions concerning his probable guilt for the robbery. | Decl. by Det. Sandoval ¶ 32.<br>Decl. by Det. Fernandez ¶ 17 |
| 44. Mr. Lopez was seated in his car at the time of the robbery and was not able to get a good look at the suspects from this vantage point. | Decl. by Det. Sandoval ¶ 32.<br>**Exhibit 1** – Supplemental Report, Bates 8. |
| 45. Mr. Corona had been involved in the robbery but was confronted by both suspects at or near the same time. Many witnesses to violent crimes are unable to remember or are unsure what the perpetrators look like because of the | Decl. by Det. Fernandez ¶ 17<br>Decl. by Det. Sandoval ¶ 32.<br>**Exhibit 1** – Supplemental Report, Bates 8. |

22325

14

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
DEFENDANTS

| | |
|---|---|
| heightened emotions involved in the experience. Surprising. It is also common for victims to focus on the presence of a weapon instead of the identity of an attacker. | |
| 46. Det. Sandoval reviewed the video of the robbery and concluded Plaintiff closely resembled Suspect # 1 in multiple ways, including, height, weight, skin tone, hair length, shape of head, and facial appearance. | Decl. by Det. Sandoval ¶ 24. **Exhibit 3**- Video Surveillance of Robbery **Exhibit 12** – Photograph of Plaintiff |
| 47. Detectives discovered Plaintiff had a large tattoo on his right forearm with flames. However, the Detectives were unable to exclude Plaintiff as a suspect based on the tattoo. Plaintiff's tattoo may not have been visible on the surveillance footage because the tattoo did not cover the small portion of the suspect's skin that was exposed. Additionally, the tattoo may not have been visible because of the lighting conditions or the quality of the surveillance footage. Additionally, the tattoo could have been concealed with make-up to intentionally prevent effective identification. | Decl. by Det. Sandoval ¶ 25-27. Decl. by Det. Fernandez ¶ 18-20 |

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| 48. It is common for criminals to conceal unique tattoos when committing robberies to make it more difficult for witnesses to make a positive identification. If the surveillance video footage clearly showed that the robbery suspect had a unique tattoo that Plaintiff did not have, Detectives would have considered this to be exonerating evidence but not the other way around. | Decl. by Det. Sandoval ¶ 25-27. Decl. by Det. Fernandez ¶ 18-20 |
| 49. Based on the totality of the circumstances, any reasonable officer would have been unable to exclude Plaintiff as a suspect when Mr. Ramirez positively identified him as the person who threatened his life with a gun and he bore a striking resemblance to the individual in the surveillance footage seen holding the gun. | Decl. by Det. Sandoval ¶ 17-23, 28 Decl. by Det. Fernandez ¶ 19, 21 **Exhibit 1** – Incident Reports **Exhibit 2** – Attempt to ID Bulletin **Exhibit 3** – Video Surveillance of Robbery **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo lineup **Exhibit 6** – Six pack photographic array **Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo |
| 50. Based on the totality of the | Decl. by Det. Sandoval ¶ 17-23, 28 |

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

| | |
|---|---|
| circumstances, including the striking physical similarities between Plaintiff Suspect # 1 in the surveillance footage; the arresting deputies' recognition of Plaintiff as matching Suspect # 1 in the Attempt to ID bulletin; and the absence of any evidence that would give Det. Sandoval reasonable cause to believe Mr. Ramirez' had mistakenly identified Plaintiff as the person who robbed him, he formed the opinion that there was a fair probability that Plaintiff was guilty of the robbery | Decl. by Det. Fernandez ¶ 19, 21<br><br>**Exhibit 1** – Incident Reports<br>**Exhibit 2** – Attempt to ID Bulletin<br>**Exhibit 3** – Video Surveillance of Robbery<br>**Exhibit 4** – Photo Lineup Admonition Form<br>**Exhibit 5** – Audio Recording of Photo lineup<br>**Exhibit 6** – Six pack photographic array<br>**Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo |
| 51. None of the Deputy Defendants hit or struck Plaintiff during the booking process. There is no evidence that Deputy Defendants used threats or coercion against Plaintiff beyond what would be inherent to Plaintiff's arrest. | **Exhibit 7**- Plaintiff's Deposition, Bates 31:3-5 |

## II.   CONCLUSIONS OF LAW

1.   The County is entitled to summary judgment on Plaintiff's first claim for false arrest because a public entity can only be found liable under 42 U.S.C. § 1983 where the public entity itself causes the constitutional violation. Respondeat superior or vicarious liability does not attach to a public entity under § 1983. Plaintiff's complaint is devoid of any allegations that would support a *Monell* claim against the County under 42 U.S.C. § 1983.

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

2.      Deputy Defendants are entitled to summary judgment on the false arrest claim because their conduct during the robbery investigation was not the "cause-in-fact" of Plaintiff's arrest or post-arrest detention. Plaintiff would have been lawfully arrested on November 30, 2018 for an outstanding bench warrant regardless of whether there was probable cause to arrest him for the robbery.

3.      Deputy Adams had reasonable suspicion to briefly detain Plaintiff because he matched the description of the robbery suspect. An officer has reasonable suspicion to stop and verify the identity of an individual that roughly resembles the description of a criminal suspect.  See *United States v. Thomas* (9th Cir. 1988) 863 F.2d 622, 626-30.

4.      Plaintiff would have been lawfully subjected to a post-arrest detention on the bench warrant until his arraignment on the felony complaint on December 4, 2018 regardless of whether there was probable cause to arrest him for the robbery.

5.      Deputy Defendants are not the cause-in-fact of Plaintiff's post-arrest incarceration after the DA filed the felony complaint for robbery as a matter of law because of the presumption of prosecutorial independence.

6.      There is an evidentiary presumption that a prosecutor exercised independent judgment in determining that probable cause for an accused's arrest existed when filing a criminal complaint, thereby breaking the chain of causation between an arrest and prosecution and immunizing investigating officers from damages suffered after the complaint was filed.

7.      Plaintiff's third amended complaint does not state sufficient facts to overcome the presumption of prosecutorial independence.  that Deputy Defendants provided the DA with all evidence obtained during the investigation, including the initial robbery report, supplemental reports, the Attempt to ID Bulletin, the surveillance footage of the robbery, and all information relating to the witness lineups. Accordingly, the DA had access to all relevant information concerning the robbery investigation when the

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS

felony complaint was filed, including the fact that Plaintiff had a tattoo on his right forearm.

8.     Deputy Defendants are entitled to summary judgment on Plaintiff's first claim for false arrest because no reasonable jury could find the absence of probable cause to arrest Plaintiff for robbery.

9.     Even in the absence probable cause, Deputy Defendants are entitled to qualified immunity on Plaintiff's first claim for false arrest because their conduct did not violate clearly established law.

10.    Defendants are entitled to summary judgment under Plaintiff' second claim under *California Civil Code* Section 52.1 because Plaintiff's arrest for the bench warrant was lawful and there is no evidence to suggest that Deputy Defendants engaged in coercive conduct independent of the alleged wrongful detention

DATED:  June 15, 2021                    COLLINS + COLLINS LLP


By:  _____
                    CHANDLER A. PARKER
                    TOMAS A. GUTERRES
                    Attorneys for Defendants,
                    **COUNTY OF LOS ANGELES,**
                    **DEPUTY J. SANDOVAL,**
                    **DEPUTY C. ADAMS** and **DEPUTY S.**
                    **FERNANDEZ**

22325

STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS