1  Michael Artan (State Bar No. 152729)
   Michael H. Artan (State Bar No. 97393)
2  One Wilshire Boulevard, Suite 2200
   Los Angeles, California 90017
3  Tele: 213/688-0370 Fax: 213/627-9201
   Email: michaelartan@yahoo.com
4
5  Ambrosio E. Rodriguez
   626 Wilshire Boulevard, Suite 460
   Los Angeles, CA 90017
6  Telephone: 213-995-6767
   Email: aer@aerlawgroup.com
7
8  Attorneys for Plaintiff
9  **DORRELL SLAUGHTER**

10              **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12  DORRELL SLAUGHTER, an          )  CASE NO.: 2:20-CV-00393-PSG-JPR
    individual,                    )  *[Assigned to Judge Philip S. Gutierrez,*
13                                 )  *Courtroom 6A]*
                                   )
14          Plaintiff,             )
                                   )  **STATEMENT OF CONTROVERTED**
15  vs.                            )  **AND UNCONTROVERTED FACTS**
                                   )  **IN OPPOSITION TO MOTION FOR**
16  DEPUTY S. FERNANDEZ, an        )  **SUMMARY JUDGMENT OR**
17  individual and Deputy of the Los )  **PARTIAL SUMMARY JUDGMENT**
    Angeles Sheriff's Department;  )  **BY DEFENDANTS**
18  DEPUTY J. SANDOVAL, , an       )
19  individual and Deputy of the Los )  *[Memorandum of Points and Authorities*
    Angeles Sheriff's Department;  )  *and Compendium of Evidence in Support*
20  DEPUTY C. ADAMS, an individual )  *of Summary Judgment Filed*
21  and Deputy of the Los Angeles  )  *Concurrently Herewith]*
    Sheriff's Department; DEPUTY J. )
22  FERNANDEZ, an individual and   )  **Complaint Filed:     01/14/2020**
23  Deputy of the Los Angeles Sheriff's )  **Pretrial Conference: 08/23/2021**
    Department; COUNTY OF LOS       )  **Trial Date:          09/07/2021**
24  ANGELES, a public entity; and  )
25  DOES 1 to 20,                  )  **Hearing Date:    August 6, 2021**
26          Defendants.            )  **Time:            1:30 p.m.**
                                   )  **Courtroom:       6A**
27  22325
                                     1
28  ─────────────────────────────────────────────────
    STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR
    SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
    PLAINTIFF

**PLEASE TAKE NOTICE** that Plaintiff **DORRELL SLAUGHTER** hereby submit the following separate statement of uncontroverted facts and conclusions of law in support of their motion summary judgment or partial summary judgment.

## STATEMENT OF UNCONTROVERTED FACTS

| Defendant's Claimed Uncontroverted Facts | Plaintiff's Claimed Controverted Evidence & Supporting Evidence |
|---|---|
| **I. The County Is Entitled To Summary Judgment On Plaintiff's First Claim For False Arrest Because It Not Vicariously Liable For The Conduct of Employees** | |
| 1. Plaintiff's operative third amended complaint alleges one (1) claim for false arrest under 42 U.S.C. § 1983. | Uncontroverted |
| 2. Plaintiff's operative third amended complaint does not allege any facts to state a claim against the County under *Monell*. | Uncontroverted |
| 3. Plaintiff's operative third amended complaint does not allege any claims under *Monell*. | Uncontroverted |
| **II. Deputy Defendants Are Not Entitled To Summary Judgment On Plaintiff's First Claim For False Arrest Because Their Conduct Was Not The Cause-In-Fact Of Plaintiff's Injury** | |
| /// | |
| /// | |

22325

2

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 4. On March 17, 2017, Plaintiff was found guilty of driving on a suspended license in violation of *California Vehicle Code* Section 14601.1(a) in the Los Angeles Superior Court ("LASC") case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196. Plaintiff was sentenced to 36 months of summary probation and ordered to attend forty-seven (47) hours of community service | Uncontroverted |
| 5. On November 13, 2018, the Hon. Hector E. Gutierrez issued a bench warrant for Plaintiff's arrest because Plaintiff failed to appear and prove he completed community service. | Uncontroverted |
| 6. In the early morning of November 17, 2018, two (2) male suspects robbed a taco stand in the City of Compton. The armed robbery was captured by video surveillance. | Uncontroverted |

22325

3

| | |
|---|---|
| 7. Det. Sandoval disseminated an "Attempt to ID Bulletin" to personnel at the station and other law enforcement agencies that included the suspects' photographs from the surveillance footage along with their physical description. | Uncontroverted |
| 8. On November 30, 2018, while handling another call for service, Dep. Adams briefly detained Plaintiff because he appeared to match the description of Suspect # 1 in the Attempt to ID bulletin. | On November 30th, 2018 while handling another call for service Deputy Adams was ordered by her Field Training Officer Deputy Sandoval-Mendoza to detain the Plaintiff because he though the Plaintiff matched the description of the robbery suspect. This detention led to the Plaintiff being detained for hours and booked by Deputy Adams for a violation of Penal Code section 211. Deputy Adams Depo 24:19-28:21 |

22325

4

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 9. After running Plaintiff's name through the mobile digital computer, Dep. Adams discovered Plaintiff had an outstanding bench warrant in the LASC case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196. As a result, Dep. Adams arrested Plaintiff for the bench warrant. | While detaining the Plaintiff, Deputy Adams ran his name and discovered that Plaintiff had a 17 day-old outstanding bench warrant in the LASC case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196 on a post- conviction misdemeanor.  Instead of giving him a citation to appear in court, Deputy Adams used the misdemeanor warrant as an excuse to detain Plaintiff. |
| 10. Because Plaintiff was arrested on a Friday, he was not required to appear in court on the warrant until December 4, 2018. | It is the common practice of law enforcement in Los Angeles County to give a citation to appear in court to people with outstanding post-conviction misdemeanor warrants. Los Angeles County jails are too full to house persons with an outstanding warrant for not finishing community service hours on a Vehicle Code Section 14601.1 (Driving Without a License) conviction. |

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 11.  After Plaintiff was arrested for the warrant, a victim in the robbery of the taco stand positively identified Plaintiff as the suspect that pointed a gun in his face and took his money in a photographic lineup.  Based on the totality of the circumstances, any reasonable officer would have been unable to exclude Mr. Slaughter as a suspect when Mr. Ramirez positively identified him as the person who threatened his life with a gun and he bore a striking resemblance to the individual in the surveillance footage seen holding the gun. | After Plaintiff was arrested, one victim and one eye witness failed to identify him as the suspect of the robbery. Ans the only victim that identified the Plaintiff was the victim who had the gun pointed right at his face. Based on the totality of the circumstances, any reasonable officer would have serious doubts as to whether the Plaintiff was the suspect in question and would have continued the investigation given that the belief that Plaintiff "bore a striking resemblance" to the suspect was based on cross-racial identification. Det. Sandoval Depo 34:1-46:3 **Exhibit 19** – Photo Admonition Form **Exhibit 20** – Photo Admonition Form **Exhibit 7** – 6-Pack Photographic array |

22325

6

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 12. Detectives were unable to exclude Plaintiff as a suspect when Mr. Ramirez positively identified him as the person who threatened his life with a gun and he bore a striking physical resemblance to the individual in the surveillance footage seen holding the gun. | Detectives unlawfully identified Plaintiff as the suspect based on shoddy police work, uncorroborated identification by one witness, a basic lacking of understanding of what exculpatory means and untrained on the issue of cross racial identification. Det. Sandoval Depo 13:1-25, 18:1-19:25 Det. Fernandez Depo 7:1-25, 10:1-25 |
| 13. After Det. Sandoval formed the opinion that there was a fair probability Plaintiff was guilty of the robbery, he caused Plaintiff to also be booked on robbery charges after his arrest on the bench warrant. | Relying on the uncorroborated identification of one witness, ignoring the missing tattoo, and lacking an understanding of the definition of exculpatory Det. Sandoval wrote a search warrant that omitted exculpatory information and submitted police reports that omitted the suspect's missing tattoo.  Det. Sandoval Depo13;1-25, 17:1-19:25, Det. Fernandez Depo 7:1-9:25 |

22325

7

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

14. Detectives discovered Plaintiff had a large tattoo on his right forearm with flames. However, the Detectives were unable to exclude Plaintiff as a suspect based on the tattoo.  Plaintiff's tattoo may not have been visible on the surveillance footage because the tattoo did not cover the small portion of the suspect's skin that was exposed. Additionally, the tattoo may not have been visible because of the lighting conditions or the quality of the surveillance footage. Additionally, the tattoo could have been concealed with make-up to intentionally prevent effective identification.

Detectives discovered, analyzed, viewed the video surveillance from different angles and discussed the Plaintiff's obvious tattoo. Afterwards they decided to omit the tattoo issue from their police reports when they filed their police reports with the Los Angeles County District Attorney's Office. Once Plaintiff's defense counsel was able to bring this to the LA DA's attention the case was immediately dismissed against the Plaintiff.

Det. Sandoval Depo 17:1-25, 19:1-25
Det. Fernandez Depo 7:1-9:25
Slaughter Depo 56:7-57:8

15. It is common for criminals to conceal unique tattoos when committing robberies to make it more difficult for witnesses to make a positive identification.

The claim that it is common for criminals to use make up to cover tattoos is a self-serving statement with no basis in fact. Defendants make this statement about two suspects that did not bother to cover their faces during the commission of the robbery but used make-up to cover up a hand tattoo.

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 16.  If the surveillance video footage clearly showed that the robbery suspect had a unique tattoo that Plaintiff did *not* have, Detectives would have considered this to be exonerating evidence but not the other way around. | The Detectives ignorance as to the importance of exculpatory information and their duty to provide that evidence to the Court in their search warrant affidavit and in the police reports to the L.A. D.A. led to an unlawful search of Plaintiff's home and the unlawful arrest of Plaintiff on robbery charges.<br><br>Det. Sandoval Depo 13:1-14:25, 17:1-19:25 |
| 17.  The fact that Victor Corona and Jorge Lopez were unable to positively identify Plaintiff did not change the Detectives' opinions concerning his probable guilt for the robbery. | Regardless of their opinions the Detectives' had a legal duty to include all exculpatory evidence in their search warrant affidavit. Their intentional omission led to an invalid search warrant.<br><br>*Frank v. Deleware* 438 U.S. 154 (1978)<br>Det. Sandoval Depo 13:1-14:25, 32:1-25<br>Det. Fernandez Depo 17:1-25 |

22325

9

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 18. Mr. Lopez was seated in his car at the time of the robbery and was not able to get a good look at the suspects from this vantage point. | Mr. Lopez never stated that he was not able to "get a good look at the suspects" from where he was sitting. Nothing in the report Quite the contrary, Mr. Lopez "described suspect number one as a 20-30 year-old, 5'10"-6'02", thin build, dark complexion wearing a white and blue sweater and dark pants. Suspect number two is described as a male black 20-30 years old 5'10"-6'02", light complexion wearing a black jacket and blue jeans." <br><br> **Exhibit 1** – Supplemental Report, Bates 8. |

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 19. Mr. Corona had been involved in the robbery but was confronted by both suspects at or near the same time. Many witnesses to violent crimes are unable to remember or are unsure what the perpetrators look like because of the heightened emotions involved in the experience.  Surprising. It is also common for victims to focus on the presence of a weapon instead of the identity of an attacker. | Mr. Ramirez "confronted by both suspects at or near the same time. Many witnesses to violent crimes are unable to remember or are unsure what the perpetrators look like because of the heightened emotions involved in the experience.  Surprising. It is also common for victims to focus on the presence of a weapon instead of the identity of an attacker." Yet the Detectives relied on his identification and ignored, omitted or his exculpatory information.<br><br>Det. Fernandez Depo 17:1-25<br>Det. Sandoval Depo 32:1-25<br>**Exhibit 1** – Supplemental Report, Bates 8. |

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 20. Det. Sandoval submitted all the evidence he gathered during the investigation to the District Attorney for filing consideration, including the initial robbery report, his supplemental report, the Attempt to ID Bulletin, the surveillance footage of the robbery, and all information relating to the witness lineups. Det. Sandoval's supplemental report disclosed the results of each 6-pack photographic lineup, not just Mr. Ramirez' positive identification, along with the audio recordings of each lineup. | Detective Sandoval did not know the meaning of exculpatory evidence until his deposition in this case on May 25th, 2021. Detective failed to state in his reports the issue of the suspect's missing tattoo and the Plaintiff's obvious tattoo. Det. Sandoval Depo 17:1-19:25. **Exhibit 1** – Incident Reports **Exhibit 3** – Video Surveillance of Robbery **Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo. |
| 21. Additionally, Det. Sandoval included a booking photograph showing the tattoo on Plaintiff's right arm in the package submitted to the District Attorney. | Detective Sandoval never informed the District Attorney that the tattoo was an issue in this case. An issue so important that once the District Attorney was made aware of it the case was dismissed. |

22325

12

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 22. There is no evidence to suggest Detectives fabricated the evidence provided to the District Attorney or concealed relevant evidence. The District Attorney was provided with all relevant evidence concerning the investigation to make an independent decision about whether to charge Plaintiff for the robbery. | The Detectives omitted exculpatory evidence on their search warrant affidavit in relation to Mr. Lopez and Mr. Corona not identifying Plaintiff. And they failed to state that the suspect on video did not have tattoos and that clearly the Plaintiff does. |
| 23. Plaintiff's operative third amended complaint does not allege a fabricated evidence claim. | Uncontroverted |
| 24. Plaintiff's operative second amended complaint does not identify specific evidence that was allegedly fabricated. | Uncontroverted |
| 25. Plaintiff's operative second amended complaint does not identify specific evidence that was withheld from the District Attorney | Uncontroverted |

22325

13

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR
SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
PLAINTIFF

| | |
|---|---|
| 26. Plaintiff's operative second amended complaint alleges the tattoo evidence was contained in information that Detective submitted to the District Attorney for filing consideration. | Dkt. 26 – Third Amended Complaint, ¶ 17-18 |
| 27. Plaintiff refused to answer questions during the Miranda interview or provide any information that would enable Detectives to rule him out as the robbery suspect. | Plaintiff's invocation of his Constitutional right to remain silent and ask for counsel in a custodial interrogation does not relieve the Detectives of their malfeasance. United States Constitution, 5th Amendment |
| 28. On December 4, 2018, the District Attorney filed a felony complaint against Plaintiff alleging two (2) counts of robbery in violation of *California Penal Code* Section 211. Plaintiff was arraigned on the felony complaint on the same day and entered a plea of not guilty. | Uncontroverted |

22325

14

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 29. Plaintiff also appeared on the bench warrant issued in the criminal case entitled *People v. Dorrell Ray Slaughter*, Case Number 7CS00196. The Court recalled the bench warrant following Plaintiff's appearance in the case. | Uncontroverted |
| 29. Plaintiff would have been held on the warrant until December 4, 2018 regardless of the robbery charges. | It is the common practice of law enforcement to cite out person's who have post-conviction low level misdemeanor warrants. |
| 30. There is no evidence to suggest the District Attorney did not exercise independent judgment concerning the probable cause for Plaintiff's arrest when filing the felony criminal complaint. | That the District Attorney dismissed the case against the Plaintiff when the tattoo evidence —that the Detectives were aware of, analyzed, discussed and failed to bring to the District Attorney's attention— show that his original decision to file a felony complaint was tainted by the Detectives actions. |

**III. Deputy Defendants Are NOT Entitled To Summary Judgment On Plaintiff's First Claim For False Because No Reasonable Juror Could Find The Absence Of Probable Cause**

**IV. Deputy Defendants Are NOT Entitled To Qualified Immunity On Plaintiff's First Claim For False Arrest**

**V. Defendants Are NOT Entitled To Summary Judgment On Plaintiff's Second Claim Under California Civil Code Section 52.1**

22325

15

| | |
|---|---|
| 31. Dep. Adams briefly detained Plaintiff because he appeared to match the description of Suspect # 1 in the Attempt to ID bulletin. | Deputy Adams was ordered to detain Plaintiff because Deputy Mendoza thought he matched the description. Deputy Adams kept him in her patrol vehicle for an hour before taking him to Compton Sheriff Station and kept him in the patrol unit for over an hour before being told that Plaintiff was being arrested for a robbery.<br><br>Deputy Adams Depo 7:1-10:25 |
| 32. Det. Fernandez developed 6-pack photographic arrays that included a photograph of Plaintiff, along with five (5) other similarly looking individuals using facial recognition software. | Uncontroverted |
| 33. Detectives took the process of developing the six-pack photographic array very seriously because numerous factors can influence the results of a lineup. | Detectives followed the protocol that they learned on the job.<br><br>Det. Fernandez Depo 8:1-11:25 |

22325

16

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 34. It is the policy of the Los Angeles Sheriff's Department ("LASD") to conduct photographic, physical, and "show-up" type line-ups in a manner that reduces the risk of wrongful conviction and aids in the detection and apprehension of offenders. Det. Fernandez was trained to adhere to the established procedures in order to maximize the reliability of witness identifications, minimize unjust accusations of innocent persons, and to establish evidence that is reliable and conforms to established legal procedure | Detective Fernandez did not receive any formal training on this topic. Detective Fernandez only training on this very important matter was "on-the-job" LASD did not take any steps to train him.<br><br>Det. Fernandez Depo 18:1-25 |
| 35.    Det. Fernandez created three (3) different six-pack photographic arrays containing a photograph of Mr. Slaughter and five other individuals with similar appearance. The order that the individuals appeared in each of the six-pack photographic array were different to prevent one witness from coaching another. | Uncontroverted |

22325

17

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 36. The witnesses of the robbery had already provided a physical description of both suspects before the line-up. | Uncontroverted |
| 37. Detectives to great care to ensure the 6-pack photo lineup was not unduly suggestive or conducted in an unduly suggestive manner. | Detectives followed procedures learned "on-the-job." Detective Fernandez Depo 18:1-25 |
| 38. Det. Fernandez conducted the 6-pack photo lineup with Mr. Corona. Det. Sandoval conducted the 6-pack photo lineup with Mr. Ramirez and Jorge Lopez ("Mr. Lopez"). Each line-up was done separately outside the presence of the other witnesses.   Each witness was provided with a photo identification and admonition form, which they were required to read, acknowledge their understanding and sign. | Uncontroverted |

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR
SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
PLAINTIFF

| | |
|---|---|
| 39. After Mr. Ramirez acknowledged that he understood the admonitions and signed the form, Det. Sandoval showed Mr. Ramirez the six-pack photographic array. Mr. Ramirez immediately identified the individual shown in Photograph #4 as the individual that pointed a gun at him and took his money during the robbery. Photograph # 4 was a photograph of Plaintiff. | After Mr. Ramirez acknowledged that he understood the admonitions and signed the form, Det. Sandoval showed Mr. Ramirez the six-pack photographic array. Mr. Ramirez **"took some time to"** identify the individual shown in Photograph #4 as the individual that pointed a gun at him and took his money during the robbery. Photograph # 4 was a photograph of Plaintiff. |
| | Det. Sandoval Depo 35:1-36:2 **Exhibit 4** – Photo Lineup Admonition Form **Exhibit 5** – Audio Recording of Photo lineup **Exhibit 6** – Six pack photographic array |

22325

19

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 40. Mr. Ramirez then circled Photograph # 4, and he placed his initials with the date of the identification below the photograph. Mr. Ramirez also wrote the number 4 in the Spanish language version of the identification and admonition form next to the blank line beside the word suspect. | Uncontroverted |
| 41. Audio recording were made of the entire identification process for each witness. | Uncontroverted |
| 42. Det. Fernandez conducted the other 6-pack line up with Mr. Corona and I conduced the line-up with Mr. Lopez. Mr. Corona was unable to identify a suspect but indicated someone other than Mr. Slaughter resembled the robbery suspect. Mr. Lopez identified an individual that was not involved. | Uncontroverted |

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 43. The fact that Victor Corona and Jorge Lopez were unable to positively identify Plaintiff did not change the Detectives' opinions concerning his probable guilt for the robbery. | Regardless of their opinions the Detectives' had a legal duty to include all exculpatory evidence in their search warrant affidavit. Their intentional omission led to an invalid search warrant.<br><br>*Frank v. Deleware* 438 U.S. 154 (1978) |
| 44. Mr. Lopez was seated in his car at the time of the robbery and was not able to get a good look at the suspects from this vantage point. | Mr. Lopez never stated that he was not able to "get a good look at the suspects" from where he was sitting. Nothing in the report Quite the contrary, Mr. Lopez "described suspect number one as a 20-30 year-old, 5'10"-6'02", thin build, dark complexion wearing a white and blue sweater and dark pants. Suspect number two is described as a male black 20-30 years old 5'10"-6'02", light complexion wearing a black jacket and blue jeans."<br>**Exhibit 1** – Supplemental Report, Bates 8. |

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 45. Mr. Corona had been involved in the robbery but was confronted by both suspects at or near the same time. Many witnesses to violent crimes are unable to remember or are unsure what the perpetrators look like because of the heightened emotions involved in the experience. Surprising. It is also common for victims to focus on the presence of a weapon instead of the identity of an attacker. | Mr. Ramirez "confronted by both suspects at or near the same time. Many witnesses to violent crimes are unable to remember or are unsure what the perpetrators look like because of the heightened emotions involved in the experience. Surprising. It is also common for victims to focus on the presence of a weapon instead of the identity of an attacker." Yet the Detectives relied on his identification and ignored, omitted or his exculpatory information.<br><br>**Exhibit 1** – Supplemental Report, Bates 8. |
| 46. Det. Sandoval reviewed the video of the robbery and concluded Plaintiff closely resembled Suspect # 1 in multiple ways, including, height, weight, skin tone, hair length, shape of head, and facial appearance. | Det. Sandoval in not trained in cross racial identification. Det. Sandoval does not even know what cross racial identification is.<br><br>Det. Sandoval Depo 38:13-39:2 |

22325

22

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

47. Detectives discovered Plaintiff had a large tattoo on his right forearm with flames. However, the Detectives were unable to exclude Plaintiff as a suspect based on the tattoo. Plaintiff's tattoo may not have been visible on the surveillance footage because the tattoo did not cover the small portion of the suspect's skin that was exposed. Additionally, the tattoo may not have been visible because of the lighting conditions or the quality of the surveillance footage. Additionally, the tattoo could have been concealed with make-up to intentionally prevent effective identification.

Detectives discovered, analyzed, viewed the video surveillance from different angles and discussed the Plaintiff's obvious tattoo. Afterwards they decided to omit the tattoo issue from their police reports when they filed their police reports with the Los Angeles County District Attorney's Office. Once Plaintiff's defense counsel was able to bring this to the LA DA's attention the case was immediately dismissed against the Plaintiff.

Det. Sandoval Depo 17:1-25, 19:1-25
Det. Fernandez Depo 7:1-9:25

48. It is common for criminals to conceal unique tattoos when committing robberies to make it more difficult for witnesses to make a positive identification. If the surveillance video footage clearly showed that the robbery suspect had a unique tattoo that Plaintiff did not have, Detectives would have considered this to be exonerating evidence but not the other way around.

The claim that it is common for criminals to use make up to cover tattoos is a self-serving statement with no basis in fact. Defendants make this statement about two suspects that did not bother to cover their faces during the commission of the robbery but used make-up to cover up a hand tattoo.

22325

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

| | |
|---|---|
| 49. Based on the totality of the circumstances, any reasonable officer would have been unable to exclude Plaintiff as a suspect when Mr. Ramirez positively identified him as the person who threatened his life with a gun and he bore a striking resemblance to the individual in the surveillance footage seen holding the gun. | Detective Sandoval did not know the meaning of exculpatory evidence until his deposition in this case on May 25th, 2021. Detective failed to state in his reports the issue of the suspect's missing tattoo and the Plaintiff's obvious tattoo. The Detectives omitted exculpatory evidence on their search warrant affidavit in relation to Mr. Lopez and Mr. Corona not identifying Plaintiff. And they filed to state that the suspect on video did not have tattoos and that clearly the Plaintiff does.<br>Det. Sandoval Depo 17:1-19:25.<br>**Exhibit 1** – Incident Reports<br>**Exhibit 3** – Video Surveillance of Robbery<br>**Exhibit 8** – LARCIS Booking Photograph showing Plaintiff's tattoo. |

22325

24

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR
SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
PLAINTIFF

| | |
|---|---|
| 50. Based on the totality of the circumstances, including the striking physical similarities between Plaintiff Suspect # 1 in the surveillance footage; the arresting deputies' recognition of Plaintiff as matching Suspect # 1 in the Attempt to ID bulletin; and the absence of any evidence that would give Det. Sandoval reasonable cause to believe Mr. Ramirez' had mistakenly identified Plaintiff as the person who robbed him, he formed the opinion that there was a fair probability that Plaintiff was guilty of the robbery | Detective Sandoval never informed the District Attorney that the tattoo was an issue in this case. An issue so important that once the District Attorney was made aware of it the case was dismissed. |
| 51. None of the Deputy Defendants hit or struck Plaintiff during the booking process. There is no evidence that Deputy Defendants used threats or coercion against Plaintiff beyond what would be inherent to Plaintiff's arrest. | Uncontroverted |

## II.   CONCLUSIONS OF LAW

1.   The County is NOT entitled to summary judgment on Plaintiff's first claim for false arrest because the public entity itself caused the constitutional violation under 42 U.S.C. 1983.

2.   Deputy Defendants are NOT entitled to summary judgment on the false arrest claim because their conduct during the robbery investigation was the "cause-in-fact"

25

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF

of Plaintiff's arrest or post-arrest detention. Plaintiff was not actually arrested on November 30, 2018 for an outstanding bench warrant, that is a ruse.

5.      Deputy Defendants are the cause-in-fact of Plaintiff's post-arrest incarceration because the DA filed the felony complaint for robbery because the Defendants purposely omitted the tattoo evidence.

6.      Plaintiff's third amended complaint states sufficient facts to overcome the presumption of prosecutorial independence as evidenced by the fact that the District Attorney dismissed the charges against Plaintiff after the tattoo evidence, that was hidden by Defendants, was shown to him.

8.      Deputy Defendants are NOT entitled to summary judgment on Plaintiff's first claim for false arrest because a reasonable jury could find the absence of probable cause to arrest Plaintiff for robbery.

9.      Deputy Defendants are NOT entitled to qualified immunity on Plaintiff's first claim for false arrest because their conduct violated clearly established law.

10.      Defendants are NOT entitled to summary judgment under Plaintiff' second claim under *California Civil Code* Section 52.1 because Defendants' malfeasance led to Plaintiff's wrongful detention.

DATED: July 16, 2021

By: _____
Ambrosio E. Rodriguez
Attorneys for Plaintiff
Dorrell Slaughter

22325

---
26

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION OF MOTION FOR
SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY
PLAINTIFF